Pabón, Plaintiff and Appellee, *v.* Alvarado et al., Defendants (López, Appellant).

Appeal from the District Court of Mayagüez in an Action

for Nullity of Proceedings.

No. 2099.—Decided June 4, 1920.

Acknowledgment — Natural Child — Birth Certificate — Estoppel.—A birth certificate from the civil registry is *prima facie* evidence of the ackowledgment of a child by its natural mother although she did not appear personally in the registry, and the filing by her of an action of filiation in the name of the child was also an acknowledgment which would estop her from denying it.

Id.—Id.—Guardian—Fraud.—The child having been acknowledged by its natural mother, unless she die or become incapacitated a guardian *ad litem* can not file a suit in behalf of the child, and if it is sought to annul the proceedings in an action of filiation brought by the mother in behalf of her child, fraud must be alleged and proved.

The facts are stated in the opinion.

*Mr. J. Sabater* for the appellant.

*Mr. L. Llorens Torres* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

On the 28th of August, 1914, Angélica Alvarado filed a complaint in the District Court of Aguadilla against Herminio López as the sole heir of Eurípides López, alleging that the said Eurípides López and herself had had carnal relations, as a result of which a child, Herminia, was born; that both parents were single and capable of contracting marriage without obstacle, and other like averments to the effect of compelling an acknowledgment from Herminio López that Herminia Alvarado was a natural child of Eurípides López. The record shows that there was an answer and a trial and that the District Court of Aguadilla rendered judgment in favor of Herminio López, the defendant in the action.

On the 15th day of May, 1917, the present complaint was filed in the District Court of Aguadilla and the case was subsequently transferred to Mayagüez. The complaint was subsequently amended to read substantially as follows: (1) That the complainant, Dionisio Ulises Pabón, is the guardian (*defensor*) of the child Herminia, known as Herminia Alvarado, 7 years of age, and that the complainant is authorized to bring this suit in her name in accordance with an order made by the District Court of Aguadilla on the 15th of March, 1917, in the *ex parte* civil suit No. 2351; (2) that the said Herminia is of illegitimate birth and was not acknowledged by either of her parents either at the moment of birth or by public deed or in any other solemn form; (3) that on the 28th day of August, 1914, the present defendant, Angélica Alvarado, who resided in Lajas, alleging that she was the mother of Herminia Alvarado, but without saying whether she was the mother of an illegitimate or an acknowledged natural child, presented a complaint before the District Court of Aguadilla to show that the child Herminia, known as Herminia Alvarado, was the natural child of Eurípides López

and prayed in the complaint that the court should render judgment declaring the said Herminia Alvarado the natural child of Eurípides López; that the said complaint was not sworn to and is No. 1824 of the civil suits in the said District Court of Aguadilla and was brought against the said Herminio López in his capacity as sole heir of his brother Eurípides López, who died on January 13, 1914; (4) that in spite of the fact that the complainant and the defendant in the suit of filiation before mentioned were residents of the Judicial District of Mayagüez, for reasons unknown to the complainant they submitted to the jurisdiction of the District Court of Aguadilla, and the trial being had, that court rendered final judgment on the 20th of October, 1914, dismissing the complaint; (5) the complainant alleges that Angélica Alvarado was not and is not the natural mother of Herminia Alvarado and that all the proceedings had in the suit for the paternal filiation of the child Herminia, as heretofore set forth, are null and void because they were begun by a person who did not have the legal capacity to commence the suit and because the child Herminia did not give her consent in legal form and that such proceedings were carried into effect by Angélica Alvarado and by Herminia Alvarado by virtue of an agreement between them, both of them knowing, according to information which the complainant believes to be true, that the said Angélica Alvarado did not have capacity to bring the suit, and complainant prayed the nullity of all the proceedings had in said civil suit No. 1824 in the District Court of Aguadilla.

On the 10th February, 1919, when the case was called for trial, the complainant presented the order of the District Court of Aguadilla in civil case No. 2351 authorizing him, the said Dionisio Ulises Pabón, to file various suits. The complainant then presented the birth certificate of Herminia Alvarado, which recited that in the city of Lajas

Carlos E. Irizarry, a citizen of Lajas authorized to do so, records the birth of a female child and that the said child is the natural child of Angélica Alvarado, and several witnesses subscribed the act and it was duly recorded in the municipality. This appearance of Carlos E. Irizarry was made on the 9th of June, 1909, and also recited that the child was born on the 1st of May of the same year. Then the pleadings in the previous suit were offered in evidence, along with the judgment of the District Court of Aguadilla; then a certificate of the secretary of the District Court of Aguadilla that in the previous suit no documentary proof was presented by either side. Then follows the statement of the witness Angélica Alvarado, who said that she did not appear before any notary to acknowledge the child and that she had never acknowledged her before the District Court of Aguadilla. With this the proof of the complainant closed. The defendant began by presenting the petition of Dionisio Ulises Pabón to be named guardian *ad litem,* involving pretty much the same statement of facts that were mentioned in the amended complaint, the essential averment being that the child lacked parents who had legally acknowledged it. Then the defendant also presented the birth certificate, the order of the court, the pleadings in the previous suit and the judgment of the District Court of Aguadilla. The testimony of witness William J. Santos follows, who gave evidence tending to show that Leopoldo Feliú was duly authorized to file the suit for Angélica Alvarado, and a similar statement by Benito Forés, and the defendant also presented some copies of deeds from the registry of property wherein Angélica Alvarado acts for her child Herminia; then Angélica Alvarado took the stand to say that Herminia Alvarado was her child and lived with her since she was born and was living with her at the time; then Dionisio Ulises Pabón testified on behalf of the defendants and made it appear that all the papers filed by Angélica Alvarado in the suit had

been prepared by him. The District Court of Mayagüez rendered judgment for the complainant. Among the pleadings of the defendants besides the answer was a demurrer. The appellant alleged that the complaint did not state a cause of action.

The judgment must be reversed and while most of the points have been raised by the appellant, for convenience we treat them in a little different order.

While, perhaps, Dionisio Ulises Pabón had *prima facie* authority to represent the child by reason of his statements to the District Court of Aguadilla, the proof revealed that he was without such authority because the child had a natural mother who had legally acknowledged it. Under the Civil Code and the Code of Civil Procedure the authority to name a guardian only exists when there is no natural guardian or when the latter is for some reason incapacitated or unfit. If Angélica Alvarado is the natural mother of this child and has duly acknowledged it, there is nothing shown in the record why anyone should file a suit in her stead.

The Civil Code speaks in several places of acknowledgment by either parent, but we may question whether a natural mother who has the custody of the child may not be considered to have acknowledged it if she maintains and supports the child. We are inclined to think that the mother under these circumstances has *patria potestas* over the child to such a degree as would enable her to file a suit, but we do not care to stress this point.

The mother *prima facie* acknowledged the child at the time of its birth, as shown by the birth certificate presented by both sides in this case. It is true that the mother did not appear personally in the registry, but the certificate makes it appear that the person who came there was delegated to record the birth of the child. We have recently

decided in the case of *Ex parte Otero et al.,* 27 P. R. R. 315,
that the parish registry is *prima facie* evidence of the ac-
knowledgment by the mother, and a similar rule would seem
to apply to the civil registry. This would be reason enough
by itself to show that Angélica Alvarado acknowledged her
child. There was no showing at the trial that this record
was made without the consent of the mother. She merely
stated that she did not appear there.

The filing of the previous suit in Aguadilla was an ac-
knowledgment by the mother. A complaint filed by an at-
torney who has authority is a solemn public document and
whether it should be technically called a document or not,
is a solemn act for which no special statute is necessary. If
for no other reason Angélica Alvarado is estopped to deny
as against Herminio López that she was the natural ac-
knowledged mother of the child and brought the suit in its
name.

Likewise the record discloses that Angélica Alvarado
bought property in the name of herself and her minor child
Herminia and also sold same by public deed from property
recorded in the name of herself and of Herminia.

We mention too, although we do not base our decision on
this state of the law, that the child was born in 1909, after
the Code of 1902 went into effect and before it was reformed
in these particulars by the law of 1911. Section 187 of that
Code says that illegitimate children may be recognized in
any way by the father and mother jointly or by either of
them. Thus it would seem that Angélica Alvarado admits
having acknowledged the child from the time of its birth.

The demurrer in this case was valid because a complain-
ant seeking to annul a judgment must show an interest. An
illegitimate child can only have an interest in destroying a
judgment declaring that it is not a natural child by alleging
and showing that it is in point of fact such natural child.

If the complaint be examined it will be seen that there is no averment that Herminia Alvarado is the child of parents who, at the time of her conception, were single and able to contract marriage without dispensation, nor any similar averment. The complaint should have set forth facts to show that Herminia Alvarado was the natural child of parents who were either named or alleged to be unknown to the complainant. The complaint was also bad for another reason, which is perhaps the same or similar to the ground alleged by the appellant. Herminio López was not bound by the *ex parte* proceedings of Dionisio Ulises Pabón. Hence the complaint should have set forth the facts that made it necessary for the said Pabón to pray and obtain an order naming him as guardian.

Given the fact that there was an acknowledged mother, as shown by the proof, it was impossible to set aside the judgment of the District Court of Aguadilla without a showing that Herminio López and Angélica Alvarado conspired or committed fraud. The provisions of the law that permit a natural mother to file a suit without any solemn prerequisite are all in favor of natural children. The questions raised by the appellee here would, if valid, be available to a putative father. If there was, in point of fact, fraud in this case, there were ways of protecting the child, but in the absence of an averment and proof of fraud, as we have stated, the judgment of the District Court of Aguadilla must stand.

The judgment of the District Court of Mayagüez must be reversed and the complaint dismissed.

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.